**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

John J. Garcia
_____

_____

NAME OF PLAINTIFF(S)

v.

College of Staten Island City University of New York
_____

NAME OF DEFENDANT(S)

**CV 11 - 2252**

COMPLAINT

# SUMMONS ISSUED

**MATSUMOTO, J.**
**BLOOM, M.J.**

This action is brought for discrimination in employment pursuant to (check only those that apply):

☑  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

☐  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

☐  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*



RECEIVED
MAY 10 2011
PRO SE OFFICE

-1-

Jurisdiction is specifically conferred upon this United States District Court by the aformentioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

**21 Maxie Court**
Street Address

| **Richmond** | **NY** | **10304** | **(718) 981-6760** |
|---|---|---|---|
| County | State | Zip Code | Telephone Number |

2. Defendant(s) resides at, or its business is located at:

**2800 Victory BLVD.**
Street Address

| **Richmond** | **Staten Island** | **NY** | **10314** |
|---|---|---|---|
| County | City | State | Zip Code |

3. The address at which I sought employment or was employed by the defendant(s) is:

**535 East 80th Street**
Street Address

| **New York** | **NY** | **NY** | **10075** |
|---|---|---|---|
| County | City | State | Zip Code |

4. The discriminatory conduct of which I complain in this action includes

-2-

(check only those that apply).

- ☐ Failure to hire.
- ☐ Termination of my employment.
- ☐ Failure to promote.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation — Suspension of 30 Days, Locker break in, Threaten physically, harassment, and intimidation.
- ☐ Other acts (specify): _____.

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5. It is my best recollection that the alleged discriminatory acts occurred on:
   _____.
   Date(s)

6. I believe that the defendant(s) (check one)

   ☑ is still committing these acts against me.

   ☐ is not still committing these acts against me.

7. Defendant(s) discriminated against me based on my:
   (check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)

   | | | | |
   |---|---|---|---|
   | ☑ | race _____ | ☐ | color _____ |
   | ☐ | gender/sex _____ | ☐ | religion _____ |
   | ☐ | national origin _____ | | |
   | ☐ | age _____ | My date of birth is: _____ Date | |
   | ☐ | disability _____ | | |

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

8. The facts of my case are as follows:

In the month of Oct. 29, 2009, I was told that the Director Murtha held a meeting with the supervisors.

It was at this meeting that it was mention by the Murtha that he made references to go after me because I have made valid complaints about policy and procedures on campus that created and foster a hostile work place.

On Nov. 1, 2009 I was attacked by Officer Robertson by calling me a "fat ass," yelling out loud that "Everybody wants her pussy," and then calling my wife a bitch>

I made a complaint to Director Murtha, AD Yuman, Associate Director C. Burns, including the Dr. Morales ( CSI/CUNY President).

I was called into a meeting by Director Murtha, and he asked me to go against Officer Robertson. I stated that I have pleaded with on numerous times that we have a problem on this campus and nothing ever gets done. I have been harassed repeatedly and nothing gets done.

After I refused to cooperate in this matter because it could have a adverse outcome the Director got Sgt. Girard, Officer Eddie Silver, and Officer Robertson to go after me.

## See attachment>

(Attach additional sheets as necessary)

**Note:** As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

9. It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: _____.
   Date

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: __3/29/09__, or Early,
    Date

**Only litigants alleging age discrimination must answer Question #11.**

Because I refused to testify against Officer Robertson because she sexually harassed me by using vulgar sexual language, rubbing her breast on my back, and holding me while making sexual pumping motion. I report this behavior only to have the CSI/CUNY retaliated against me on <u>10/1/09 see memo entry CU20 3600-4.</u> Patricia COSGROVE, Plaintiff-Appellant, v. SEARS, ROEBUCK & CO., Defendant-Appellee. No. 260, Docket 92-7197. There after the retaliation against me intensified because I reported violence in the work place on March 17, 2009 see exhibit 7, 8, 9, 21, 22, in the EEOC Complaint, Apr. 16, 2009, Again on May 8, 2009, January 14, 2010 my locker was broken into; on September 8, 2010, prior to that the first warning signs began in 12/5/07 (Memo Entry 33685), 3/508 (Memo Entry CU20 33707-3) after my mother had passed away on 2/17/08, and again on 4/8/08 (Memo Entry CU20 33707-24), including getting my car key up I filed an UF – 61 complaint number 10337 with NYPD 122nd Pct., on 11/23/11. All in Exhibit 9 of EEOC Complaint: The same standards and burdens apply to claims of retaliation in violation of the ADEA. *Schnabel*, 232 F.3d at 87 (stating that ADEA claims are analyzed under the same framework as claims brought pursuant to Title VII).

Christine KRACUNAS and Darleen E. Pallett, Plaintiffs-Appellants, v. IONA COLLEGE and Michael Palma, Defendants-Appellees. Nos. 290, 879, Dockets 96-7128, 96-7144.

Joann S. REED, Plaintiff-Appellee-Cross-Appellant, v. A.W. LAWRENCE & CO., INC., 95 F.3d 1170 72 Fair Empl.Prac.Cas. (BNA) 1345 Defendant-Appellant-Cross-Appellee. Nos. 1121, 1467, Dockets 95-7770, 95-7831

Subsequently, I was charge with a Misconduct for allege used of profanity, however, we are law enforcement inasmuch that under the Clery Act and The Open Campus Logs Act of 1995 (H. R. 2416) we are to maintain a log book of all crimes on campus. Additionally, under the University Director of Security from 535 East 80th St., New York N. Y. 10021 – issued S. I. # 12 on January, 1994 regarding University Memorandum Book. Whereas, if an Officer reports a crime he/she must make a memo entry and safe guard the book in the event a law suit is file against either the CUNY, or the Officer. There is neither a log book entry, nor any memo entries regarding my allege misconduct that is consider a crime resulting in a 30 days suspension without pay. Additionally,

CSI/CUNY has a double standard, whereas, in Dec. 7, 2009 in a preliminary meeting with Local 237 Agent George Serrano, Former Human Resources Director Barnett, Associate Director Burn, Director of Public Safety Mr. Paul Murtha, and myself. I stated to Mr. Murtha a question because I was facing charges of alleged misconduct. Mr. Murtha is it not true that Sgt. Carlino had just thrown a chair, broke the clock on the wall, and the door frame in your officer over an argument with you over the Christmas party? The answer was that he got a letter place in his file. I got 30 days for something that CSI/CUNY has no factual evidence, only here say: Double Standard because there is clearly no consistency.

Under Title VII retaliation Equal Employment Opportunity Commission v. Crown Zellerbach Corp., it was held that the protected clause encompass the right to complaints to the EEOC, but also the right to file complaints either in writing, letters free from the opposition clause that protected the plaintiff(s).

Under Retaliation under Other Employment Statues under Title VII ERISA, it is unlawful to discharge, fine, suspend, expel, discipline, or discriminate against plan participants or beneficiaries for exercising or attempting to exercise their right under ERISA or ERISA.

The Supreme Court cases of known unconstitutional conditions doctrine, whereby government may not deny a benefit to a person on a basis that infringes his constitutionally protected freedom of speech even if he has no entitlement of that benefit. Section 1983 action by public employee I have suffered adverse employment action because I have made numerous complaints about the unfair practices at the CSI/CUNY that discriminates against minorities. Whereas, if you are a white male you can get away with murder, but if you are a minority you will held to a different standard unless you a part of the "Click" of officers.

Under the Employer's Interest Clause" Disruption and Performance, if is held that the employer need not show "an actual disruption," only "a likely interference with it operations, to justify the adverse action. It is my contention that this does not apply here because Law Enforcement Officials, when reporting a crime has to follow its' "Policy and Procedures," such as, Blotter Entry and Memo Entries because failure to follow the "Blue Book," will result in the malicious, insidious false accusations against anyone based on Federal Here Say Rules of 402 that can be call into question the motive, retaliation, and who would benefit.

Notwithstanding all of the above, in 1989 under CSRA Congress enacted the Whistleblower Protection Act (WPA) to protect Federal Employees, Now under this institution the College of Staten Island City University Of New York, the college receives funding through the City Of New York, State Of New York, and the Federal Government as well. Therefore, it is my contention that I should fall under the Law as well because of the Solomon Amendment; Inasmuch that the military have a right to use any campus that receives Federal Funding to be able to recruit on Campus. It is my hope that the court can elaborate on the matter.

Finally, during the progressive movement of the police force between the President Commission, IACP, LEAA, ACLU, and NAACP (1920 -1960) – The reformers were concerned that big- City police needs to be free of corruption, incompetence, and lawlessness, once the recommended structure was in place to reform.

The ACLU and NAACP were concerned that once a system is in place. Who would restrain the many officers who in the absence of an effective discipline system engaged in brutality, harassment, and other improper and even illegal practices? Therein, "ensuring a thorough and impartial investigation of all complaints, they would protect the other offices against malicious, misguided, and otherwise unfounded accusations"/...

(Fogelson 1880 – 1950/2001 Panzarella and Vona professors at John Jay College of Criminal Justice ( Criminal Justice Masterworks).

Wherein, I have made a compelling argument that I am innocence. The unfair disciplinary policy on this campus discriminates against minorities, or anyone that is not part of the "Click" in violation of Title VII of the Civil Rights Act of 1965, or its' amended Acts. Every day I force myself to wake up and go to work. Every day I wait to see what is next going to happen to me. I even quoted the bible in an email. At the Dec. 7, 2009 meeting it was mention; whereas, Local 237 Agent stated to HR that John Garcia has a right to refer to his faith.

I seek immediate reimbursement of the 30 days of lost time, including $250, 000.00 dollars in damages that I have sustained mentally, psychologically, and physically because of these hostile work environment that was created by Director Murtha; whereas, it is just like an ENRON environment whereas one is either promoted, or rewarded on hurting employees rather rewarding good behavior.

Because I refused to testify against Officer Robertson because she sexually harassed me by using vulgar sexual language, rubbing her breast on my back, and holding me while making sexual pumping motion. I report this behavior only to have CSI/CUNY retaliated against me on <u>10/1/09 see memo entry CU20 3600-4</u>. There after the retaliation against me intensified because I reported violence in the work place on March 17, 2009 see exhibit 7, 8, 9, 21, 22, in the EEOC Complaint, Apr. 16, 2009, Again on May 8, 2009, January 14, 2010 my locker was broken into; on September 8, 2010, prior to that the first warning signs began in 12/5/07 (Memo Entry 33685), 3/508 (Memo Entry CU20 33707-3) after my mother had passed away on 2/17/08, and again on 4/8/08 (Memo Entry CU20 33707-24), including getting my car key up. I filed an UF – 61 complaint number 10337 with NYPD 122nd Pct., on 11/23/11. All in Exhibit 9 of EEOC Complaint: The same standards and burdens apply to claims of retaliation in violation of the ADEA. *Schnabel,* 232 F.3d at 87 (stating that ADEA claims are analyzed under the same framework as claims brought pursuant to Title VII). Officer Eleanor Robertson is now there key witness against me. Officer Robertson in fact told me that she did so because "of what I did".

Title IX, Education Amendments of 1972:

NORTH HAVEN BOARD OF EDUCATION, et al., Petitioners, v. Terrel H. BELL, Secretary, Department of Education, et al. No. 80-986. 456 U.S. 512 102 S.Ct. 1912 72 L.Ed.2d 299

Joann S. REED, Plaintiff-Appellee-Cross-Appellant, v. A.W. LAWRENCE & CO., INC., 95 F.3d 1170 72 Fair Empl.Prac.Cas. (BNA) 1345  Defendant-Appellant-Cross-Appellee. Nos. 1121, 1467, Dockets 95-7770, 95-7831

Subsequently, I was charge with a Misconduct for allege used of profanity, however, we are law enforcement inasmuch that under the Clery Act and The Open Campus Logs Act of 1995 (H. R. 2416) we are to maintain a log book of all crimes on campus. Additionally, under the University Director of Security from 535 East 80th St., New York N. Y. 10021 – issued S. I. # 12 on January, 1994 regarding University Memorandum Book. Whereas, if an Officer reports a crime he/she must make a memo entry and safe

guard the book in the event a law suit is file against either the CUNY, or the Officer. There is neither a log book entry, nor any memo entries regarding my allege misconduct that is consider a crime resulting in a 30 days suspension without pay. Additionally, CSI/CUNY has a double standard, whereas, in Dec. 7, 2009 in a preliminary meeting with Local 237 Agent George Serrano, Former Human Resources Director Barnett, Associate Director Burn, Director of Public Safety Mr. Paul Murtha, and myself. I stated to Mr. Murtha a question because I was facing charges of alleged misconduct. Mr. Murtha is it not true that Sgt. Carlino had just thrown a chair, broke the clock on the wall, and the door frame in your officer over an argument with you over the Christmas party? The answer was that he got a letter place in his file. I got 30 days for something that CSI/CUNY has no factual evidence, only here say: Double Standard because there is clearly no consistency. These are acts of Retaliation, intimidation, and harassment, including slandering my name by stating that I would drop my pants and everybody do me. These are outrageous remarks that I deny.

Under Title VII retaliation Equal Employment Opportunity Commission v. Crown Zellerbach Corp., it was held that the protected clause encompass the right to complaints to the EEOC, but also the right to file complaints either in writing, letters free from the opposition clause that protected the plaintiff(s).

Under Retaliation under Other Employment Statues under Title VII ERISA, it is unlawful to discharge, fine, suspend, expel, discipline, or discriminate against plan participants or beneficiaries for exercising or attempting to exercise their right under ERISA or ERISA.

The Supreme Court cases of known unconstitutional conditions doctrine, whereby government may not deny a benefit to a person on a basis that infringes his constitutionally protected freedom of speech even if he has no entitlement of that benefit. Section 1983 action by public employee I have suffered adverse employment

action because I have made numerous complaints about the unfair practices at the CSI/CUNY that discriminates against minorities. Whereas, if you are a white male you can get away with murder, but if you are a minority you will held to a different standard unless you a part of the "Click" of officers.

Under the Employer's Interest Clause" Disruption and Performance, if is held that the employer need not show "an actual disruption," only "a likely interference with it operations, to justify the adverse action. It is my contention that this does not apply here because Law Enforcement Officials, when reporting a crime has to follow its' "Policy and Procedures," such as, Blotter Entry and Memo Entries because failure to follow the "Blue Book," will result in the malicious, insidious false accusations against anyone based on Federal Here Say Rules of 402 that can be call into question the motive, retaliation, and who would benefit. CSI/CUNY administration jump the inter departmental Policy & Procedures, including failing to do a complete and thorough investigation; whereas, many offices statements were withdrawn because it did not fit the case being made out against me.

Notwithstanding all of the above, in 1989 under CSRA Congress enacted the Whistleblower Protection Act (WPA) to protect Federal Employees, Now under this institution the College of Staten Island City University Of New York, the college receives funding through the City Of New York, State Of New York, and the Federal Government as well. Therefore, it is my contention that I should fall under the Law as well because of the Solomon Amendment; Inasmuch that the military have a right to use any campus that receives Federal Funding to be able to recruit on Campus. It is my hope that the court can elaborate on the matter.

Finally, during the progressive movement of the police force between the President Commission, IACP, LEAA, ACLU, and NAACP (1920 -1960) – The reformers were

concerned that big- City police needs to be free of corruption, incompetence, and lawlessness, once the recommended structure was in place to reform.

The ACLU and NAACP were concerned that once a system is in place. Who would restrain the many officers who in the absence of an effective discipline system engaged in brutality, harassment, and other improper and even illegal practices? Therein, "ensuring a thorough and impartial investigation of all complaints, they would protect the other offices against malicious, misguided, and otherwise unfounded accusations"/... (Fogelson: 1880 – 1950/2001 Panzarella and Vona professors at John Jay College of Criminal Justice (Criminal Justice Masterworks).

Wherein, I have made a compelling argument that I am innocence. The unfair disciplinary policy on this campus discriminates against minorities, or anyone that is not part of the "Click" in violation of Title VII of the Civil Rights Act of 1965, or its' amended Acts. Every day I force myself to wake up and go to work. Every day I wait to see what is next going to happen to me. I even quoted the bible in an email. At the Dec. 7, 2009 meeting it was mention; whereas, Local 237 Agent stated to HR that John Garcia has a right to refer to his faith.

I seek immediate reimbursement of the 30 days of lost time, including $250, 000.00 dollars in damages that I have sustained mentally, psychologically, and physically because of these hostile work environment that was created by Director Murtha; whereas, it is just like an ENRON environment whereas one is either promoted, or rewarded on hurting employees rather rewarding good behavior.

11. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (check one),

☐ 60 days or more have elapsed.

☑ less than 60 days have elapsed.

12. The Equal Employment Opportunity Commission (check one):

☐ has not issued a Right to Sue letter.

☐ has issued a Right to Sue letter, which I **received** on _____.
　　　　　　　　　　　　　　　　　　　　　Date

**NOTE:** Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

_____
PLAINTIFF'S SIGNATURE

Dated: 5/10/11

21 MAVIE CT.
Address
Staten Island N.Y. 10304
(718) 981-6766 / (646) 217-2499
Phone Number